**Migdalia DIAZ, Plaintiff–Appellant,**

v.

**WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY, Defendant–Appellee.**

**Docket No. 04–1489–CV.**

United States Court of Appeals, Second Circuit.

July 1, 2005.

Migdalia Diaz, Long Island City, NY, for Appellant, pro se.

James R. Kahn, Office of University Counsel, New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, Circuit Judge, OWEN,* District Judge.

* The Honorable Richard Owen, United States District Court for the Southern District of New York, sitting by designation.

## AMENDED SUMMARY ORDER

Plaintiff-appellant Migdalia Diaz appeals from the judgment of the district court dismissing her employment discrimination complaint, filed pursuant to Title VII of the Civil Rights Act of 1964, after granting summary judgment in favor of defendant-appellee Weill Medical College of Cornell University ("Weill"), Diaz's former employer, and defendants Theresa Neal–Provenzano, Diaz's supervisor at Weill, and Erich Windhager, the chairman of the department in which Diaz worked.[1]

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Viewing the evidence in the light most favorable to Diaz, as the district court and we are required to, we conclude that Diaz's discrimination claims were time-barred for the reasons set forth in Magistrate Judge Peck's thorough and well-reasoned order. We also agree that her claim of retaliatory discharge was properly dismissed because she failed to establish a causal connection between the filing of her EEOC complaint and her discharge more than five months

later. Finally, we find no error in the district court's refusal to permit Diaz to obtain additional discovery.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

---

**1.** The claims against Neal–Provenzano and Windhager were voluntarily dismissed prior to judgment.